■ NEW WINDSOR ASSOCIATES, Appellant, v NORSTAR BANK OF THE HUDSON VALLEY, N. A., Respondent.—In an action premised on defendant bank's failure to deposit a check

consistent with a restrictive indorsement, plaintiff appeals from so much of an order of the Supreme Court, Orange County (Ritter, J.), dated February 5, 1985, as denied those branches of its motion which sought to strike defendant's second, third and fourth affirmative defenses and sought summary judgment.

Order modified, on the law, by adding thereto a provision that, upon searching the record, defendant is granted summary judgment dismissing plaintiff's complaint. As so modified, order affirmed, insofar as appealed from, with costs to defendant.

On March 11, 1981, a check drawn to plaintiff partnership was indorsed in blank by one of its general partners and presented for deposit at defendant bank. The same general partner directed that the subject check be deposited in his personal escrow account which he maintained at defendant bank. On the date of such deposit, plaintiff did not maintain an account with defendant. Defendant stamped on the back of the check the restrictive indorsement "credited to the account of the within named payee". Notwithstanding this restrictive indorsement, defendant deposited the check into the general partner's escrow account.

Plaintiff commenced this action sounding in conversion by service of a summons and complaint on August 9, 1984. Plaintiff moved, *inter alia,* for summary judgment and to strike defendant's affirmative defense of the Statute of Limitations. In its moving papers, plaintiff alleged that a contractual relationship in the nature of a bailment existed between the parties and, therefore, its claims fell squarely within the six-year limitations period set forth in CPLR 213. Special Term held, *inter alia,* that triable issues of fact existed with respect to defendant's Statute of Limitations defense.

We disagree and find that the instant action is time barred. This matter is a garden-variety conversion action governed by the three-year period of limitations in CPLR 214. The record before us is insufficient to establish the creation of a bailment contract of any other contractual relationship between the parties. Inasmuch as plaintiff partnership did not even have an account at defendant bank, it is difficult to conceive on what basis plaintiff seeks to convert a simple conversion action into a contract action *(cf. Baratta v Kozlowski,* 94 AD2d 454). Accordingly, plaintiff's action must be dismissed since it was commenced more than three years after the cause of action accrued. Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.